Chief Justice Marshall
delivered the opinion of the Court.
Upon the merits of this case, as between the actual parties, we think the decree is right; and we should not disturb it, upon this writ of error, were it not that Mc-Glashon, the complainant, having been declared a bankrupt, during the pendency of the suit, his assignee is, by operation of law, invested with the legal title to the claim set up in the bill, and was entitled to the benefit and control of the suit, unless the complainant, as he alleges, but does not prove, had parted with the beneficial interest in it before the title passed to the assignee. If no such allegation had been made, it might have been sufficient to note on the record the fact of bankruptcy, and that the suit was prosecuted by the assignee, or for his benefit, though, even in that case, if the bankruptcy appeared in the suit at all, it would be more proper that the assignee should assert his claim by supplemental bill, or other regular pleading. But in this case the complainant, admitting the proceedings in bankruptcy,and his discharge during the pendency of the suit, alleges that before the decree vesting his rights in the assignee, he had surrendered this claim upon an attachment, andthat since the said decree, he had re-purchased this claim in the proceedings under the attachment, and with means acquired since the decree in bankruptcy ; and the final decree in the present case, directs the commissioner appointed to make sale for satisfaction of the claim, to take the sale bond payable to the com- *303 j>lainant. This decree is objectionable as beírig a de-* cisión against the right of the assignee without his being a party and without proof. But it is more objectionable, inasmuch as it leaves the debtor still subject to the claim of the assignee, who, being no party, is not bound by the present decree.
Lindsey for plaintiff; Hord for defendant..
In this case we are clearly of opinion that the fact of bankruptcy having been pleaded by the defendant and admitted by the complainant; who sets up a claim adverse to that of the assignee, it was necessary, before the fund should be finally disposed of, that the assignee should have the opportunity, as a party, to assert his right and contest the claim of the complainant, and that the suit should be in such a condition as to protect the defendants against a re-payment to the assignee, and against the necessity of litigating his right in another suit; The assignee being a non-resident and no party,, there can be no presumption that he admits or acquiesces in the complainant’s alleged right against him.-
It was not necessary, however, and is not now necesary that the sale should be postponed until the final decision of the right between the complainant and the assignee. If it should appear to be necessary or advantageous to make a sale without delay, it might be done; and the proceeds applicable to the present demand, being, as they should be, brought into Court, might then abide the decision between the complainant and the assignee, in which the debtors have no other interest,- but that it shall be a conclusive protection to them:
Wherefore, the decree is reversed, and the cause remanded, with directions to allow the complainant an opportunity to make his assignee in bankruptcy a party to this suit, and for further proceedings thereon, or to dismiss his bill without prejudice, should he fail td bring the assignee before the Court.